# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2270
Lower Tribunal Nos. 2006-CF-001360 and 2022-CF-000973

_____

EDWARD VIGLIOTTI,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Charlotte County.
Shannon H. McFee, Judge.

July 17, 2026

PRATT, J.

We affirm as to all issues raised by Appellant. We write to briefly explain why we reject one of Appellant's probation-related arguments.

Appellant argues that the trial court improperly revoked his probation for violating a requirement that the trial court's written sentencing documents allegedly do not contain—i.e., Appellant must comply with electronic monitoring while on probation. However, Appellant's argument misses the mark for two reasons. First, on their face, the trial court's written sentencing documents required Appellant to

comply with electronic monitoring while on probation. Second, and more importantly (and dispositively), the trial court's oral pronouncement of sentence—not the trial court's written sentencing documents—controls. *See, e.g.*, *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("[A] court's oral pronouncement of a sentence controls over the written sentencing document. . . . [T]he oral pronouncement controls and constitutes the legal sentence imposed." (citations omitted)); *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003) (referencing the "longstanding principle of law" that "a court's oral pronouncement of sentence controls over the written document"); *Justice v. State*, 674 So. 2d 123, 125 (Fla. 1996) ("Florida Rule of Criminal Procedure 3.700(b) . . . mandates that the sentence or other final disposition 'shall be pronounced in open court.'"). Because the transcript from the sentencing hearing shows that the trial court's oral pronouncement of sentence required Appellant to comply with electronic monitoring while on probation, Appellant's argument necessarily fails.[1,2]

---

[1] There is no conflict between the trial court's written sentencing documents and the trial court's oral pronouncement of sentence. But even if there were, the trial court's oral pronouncement of sentence would prevail. *See generally, e.g.*, *Ashley*, 850 So. 2d at 1268 ("[W]ritten sentences are usually just a record of the actual sentence required to be pronounced in open court. Thus, when conflict arises between the written sentence and the oral pronouncement, the oral pronouncement prevails." (citation and footnote omitted)).

[2] The trial court's written sentencing documents and the trial court's oral pronouncement of sentence required Appellant to comply with electronic monitoring while on probation, independent of the Lundsford Act.

AFFIRMED.

TRAVER, C.J., and GANNAM, J., concur.


Blair Allen, Public Defender, and Karen M. Kinney, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Marena S. Ramirez, Assistant Attorney General, Tampa, for Appellee


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED